UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QING SHAO,

          Plaintiff,

     v.

UNITED STATES DEPARTMENT OF STATE, et al.,

          Defendants.

Case No. 26-cv-01434-NC

**ORDER GRANTING DEFENDANTS' ALTERNATIVE MOTION TO TRANSFER; DENYING DEFENDANTS' RULE 12(B)(3) AND 12(B)(6) MOTIONS TO DISMISS**

Re: ECF 12

Plaintiff Qing Shao's Complaint brings two causes of action against Defendants United States Department of State, U.S. Embassy in Beijing, China, and Marco Rubio arising from Defendants' alleged delay and failure to act on her visa application. Defendants move to dismiss Plaintiff's Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue. Defendants also move to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court GRANTS Defendants' alternative motion to transfer because Plaintiff is not a resident of this district, and DENIES Defendants' Rule 12(b)(3) motion to dismiss. The Court also DENIES Defendants' Rule 12(b)(6) motion to dismiss as moot and VACATES the July 15, 2026, hearing.

## I.    BACKGROUND

### A.    Factual Background

According to Plaintiff's Complaint, Plaintiff is a citizen of China and currently resides in Beijing, China.  ECF 1 (Compl.) ¶ 1.  Plaintiff is the beneficiary of an approved H-1B non-immigrant visa.  *Id*. ¶ 2.  Plaintiff's later briefing further states that she "physically resided [in California] for years" and "continues to pay taxes and bear the financial responsibility of paying [the] mortgage on her home to this date."  ECF 13 at 8.  Plaintiff's husband continues to reside in their California home.  *Id*.

Plaintiff's Complaint continues to allege that on May 10, 2023, U.S. Citizenship and Immigration Services (USCIS) approved Plaintiff's I-129 Petition for Non-Immigrant Worker.  *Id*. ¶¶ 2–3.  Plaintiff subsequently attended her visa interview on or around August 15, 2025, and Defendants placed her case under administrative processing.  *Id*. ¶ 5; ECF 13 at 4.  Since then, for "over ten [sic] months" Defendants have not issued Plaintiff's visa stamp or informed her of when, if ever, it will be issued.  Compl. ¶ 7; ECF 13 at 4.

### B.    Procedural Background

On February 19, 2026, Plaintiff filed the Complaint.  Compl.  In her Complaint, Plaintiff alleges that her visa application has been under administrative processing beyond a reasonable time period in violation of the Administrative Procedure Act (APA).  *Id*. ¶¶ 17–19.  In addition, Plaintiff alleges that the delay in her visa's processing has violated her right to due process under the Fifth Amendment.  *Id*. ¶ 27.

Defendants filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(3) for improper venue and under Rule 12(b)(6) for failure to state a claim.  In the alternative, Defendants request the Court to transfer venue for improper venue.  ECF 12.  Plaintiff opposed.  ECF 13.  Defendants replied.  ECF 16.  All parties have consented to magistrate jurisdiction.  ECF 6, 9.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may file a motion for improper venue.  The plaintiff bears the burden of demonstrating venue is proper.

2

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A court may consider facts outside the pleadings to determine whether venue is proper and need not accept the pleadings as true. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district" where venue is proper. 28 U.S.C. § 1406(a). It is within the discretion of the district court whether to dismiss for improper venue or alternatively to transfer venue to a proper court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### III.   DISCUSSION

The Court first determines whether venue is proper and finds that it is not because Plaintiff has failed to show that she resides in this judicial district.

Where the defendant is an "officer or employee of the United States," as is the case here, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

As a Chinese citizen, Plaintiff is considered an alien. *See Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1082 (C.D. Cal. 2024) ("As a Canadian national, Chorostecki, the sole plaintiff, is considered an alien."). The Supreme Court has ruled that, for venue purposes, an alien is "assumed not to reside in the United States." *Galveston v. Gonzalez*, 151 U.S. 496, 506–07 (1894). Courts in the Ninth Circuit have held that there is a "rebuttable presumption that an alien does not reside in any judicial district" in the context of venue. *Chorostecki*, 742 F. Supp. 3d at 1081. Plaintiff has failed to rebut this presumption.

Plaintiff argues that venue is proper in this Court under subsection (C), as she "intends to continue residing with her husband and working within the state of California once the H-1B stamp is issued." ECF 13 at 7. Plaintiff cites *Gu* to support her contention. ECF 13 at 7 (citing *Gu v. Napolitano,* No. 09-cv-2179-PVT, 2009 WL 2969460 at *3–4

United States District Court
Northern District of California

(N.D. Cal. Sep. 10, 2009)).  The court in *Gu* denied a motion to dismiss for improper venue and held that (C) is not limited to citizens.  2009 WL 2969460 at *3–4.  However, *Gu* is distinguishable from Plaintiff's case, as the plaintiff in that case was physically residing in the district when the complaint was filed.  *See id.*  Here, Plaintiff provides a residential mortgage with an address in Santa Clara, an income tax return, and a letter from her employer, but she does not dispute that she is *currently* residing in China.  Compl. ¶ 1; ECF 13, Exh. C–E.  Thus, despite her ties to California, she is not a resident of the state and venue is improper.  *See also Fang v. Rubio*, No. 25-cv-05151-TSH, 2025 WL 2772860, at *3 (N.D. Cal. Sep. 29, 2025) (transferring a matter for improper venue when the plaintiff "provided a residential lease with an address in this District" but "admit[ted] she is a citizen of China and currently resides there"); *Chorostecki*, 742 F. Supp. 3d at 1082 (granting dismissal for improper venue when the plaintiff owned a residence in Los Angeles but was a Canadian citizen residing in Canada).

Because Plaintiff has failed to demonstrate that venue is proper in the Northern District of California, the Court must either dismiss this action or, if it is in the interest of justice, transfer it to a proper venue.  28 U.S.C. § 1406(a).  The Court finds transfer is appropriate, as failure to do so may leave Plaintiff without recourse for her claims.  *See Fang* 2025 WL 2772860, at *3; *Chan v. Rubio*, No. 25-cv-10595-VKD, 2026 WL 1409844, at *3 (N.D. Cal. May 19, 2026).  The parties do not dispute that Defendants, as federal defendants, reside in the District of Columbia, making it a proper venue under § 1391(e)(1)(A).  *See* ECF 12 at 9; ECF 13 at 8; *Chorostecki*, 742 F. Supp. 3d at 1081 ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes."); *Zhang v. Chertoff*, No. 08-cv-02589-JW, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008) ("Federal defendants are generally deemed to reside in the District of Columbia.") (citing *Williams v. United States*, No. 01-cv-0024-EDL, 2001 WL 1352885, at *1 (N.D. Cal. Oct. 23, 2001)).  As such, the Court finds that the District Court for the District of Columbia is the proper venue for Plaintiff to adjudicate her claims.

Defendants requested that, in the case of transfer to another district, they have "30

days following the docketing of this suit in that district to answer or file a successive motion to dismiss under Rule 12(b)." The Court declines to make a scheduling decision for another court.

The Court therefore GRANTS Defendants' motion for transfer and DENIES their 12(b)(3) motion to dismiss. Because transfer is granted, the Court does not reach the question of whether Plaintiff fails to state a claim and DENIES Defendants' 12(b)(6) motion to dismiss as moot.

## IV.   CONCLUSION

Plaintiff has not met her burden establishing that venue in this District is proper under § 1391(e)(1). In the interest of justice, the Court finds transfer to the District of Columbia appropriate pursuant to 28 U.S.C. § 1406(a). Accordingly, the Court GRANTS Defendants' alternative motion to transfer and TRANSFERS this action to the District Court for the District of Columbia. The Court also DENIES Defendants' 12(b)(3) and 12(b)(6) motion to dismiss. The Court VACATES the July 15, 2026, hearing.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California

5